UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| Ed Butker, an individual,<br><br>    Plaintiff,<br><br>v.<br><br>Transworld Systems, Inc. d/b/a North Shore Agency, a California corporation,<br><br>    and<br><br>Sprint Communications Company, L.P. d/b/a SPRINT, a Delaware limited partnership,<br><br>    Defendants. | **CIVIL CASE NO.:** |

**COMPLAINT**

Plaintiff, Edward Butker ("Mr. Butker" or "Plaintiff"), sues Defendants Transworld Systems, Inc. d/b/a North Shore Agency ("Transworld Systems") and Sprint Communications Company, L.P., d/b/a Sprint ("Sprint"), collectively ("Defendants"), jointly and severally, as follows:

**INTRODUCTION**

1. Defendants sent Mr. Butker repeated intimidating, harassing, and deceptive debt collection emails and letters to Mr. Butker for a false,

non-existent debt in violation of the Fair Debt Collection Practices Act, 15 U. S. C. § 1692 ("FDCPA") and the Texas Fair Debt Collection Practices Act, Tex. Fin. Code. § 392.001 ("TDCPA").  Plaintiff therefore brings this Complaint seeking recovery of statutory damages, litigation costs, and attorney's fees from Defendants for violation of the FDCPA and TDCPA.

## PARTIES

2. Mr. Butker is an individual who resides in Denton County, Texas.

3. Transworld Systems, Inc., d/b/a North Shore Agency is a California corporation registered to do business in Texas. Its registered agent for service of process is: C T Corporation, 199 Bryan St., Ste. 900, Dallas, TX 75201-3136.

4. Sprint Communications Company, L.P., d/b/a Sprint is a Delaware limited partnership registered to do business in Texas. Its registered agent for service of process is: The Prentice-Hall Corporation System, 211 E. 7th Street, Suite 620, Austin, TX 78701-3218.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 as this action arises under the Constitution, laws, or treaties of the United States.

6. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) as a substantial part of the acts or omissions giving rise to the claim occurred in Denton County.

7. This Court has supplementary jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 as the state claims are substantially related to the federal claims.

## FACTUAL BACKGROUND

8. Sprint sells cell phones and cell phone plans to consumers in Texas and throughout the Unites States.

9. In January 2015, Mr. Butker purchased a cell phone plan from Sprint for his personal cell phones.

10. Mr. Butker decided to change his cell phone service provider from Sprint to AT&T.

11. Mr. Butker put in a request to Sprint to terminate his account and transfer his cell phone numbers to AT&T.  Sprint granted his request upon the condition that Mr. Butker paid any outstanding balance owed to Sprint.

12. In August 2015, Mr. Butker paid his outstanding balance and Sprint transferred Mr. Butker's cell phone numbers to AT&T in August 2015, thereby terminating his contract with Sprint.

13. Once Mr. Butker terminated his contract with Sprint and began a new contract with AT&T, Sprint no longer had any authorization to charge Mr. Butker for any cell phone usage.

14. Despite paying his outstanding balance and officially terminating his contract with Sprint, Sprint did not terminate Mr. Butker's account. Sprint charged Mr. Butker for cell phone calls and text messages when he no longer had an account with Sprint.

15. Mr. Butker did not pay the charges because they were unknown to him and unauthorized by him.

16. By charging Mr. Butker for cell phone usage after he had terminated his account with Sprint, Sprint unfairly generated a false debt against Mr. Butker.

17. Sprint sent the false debt for collections without ensuring the accuracy and/or validity of the alleged amount owed.

18. Mr. Butker received a collection letter dated December 29, 2015 ("Letter"), for a consumer debt in the amount of $181.76 allegedly incurred from a "Sprint Account." See Letter attached hereto as Exhibit "A" and incorporated herein by reference.

19. In the Letter, the debt collector identified itself as "North Shore Agency." However, there is no such entity registered to do business in

Texas. There is an entity named "North Shore Agency, LLC" that is bonded in Texas as a debt collector but no incorporation information could be located for that name. It was later discovered that North Shore Agency is an assumed name of Transworld System Inc., although the assumed name on file with the Texas Secretary of State has expired. It appears that the debt collector is purposefully obfuscating its true identity, which is, in turn, inherently deceptive.

20. In addition to the Letter, Mr. Butker's inbox has been inundated with emails from Sprint for an unpaid bill for differing amounts.

21. Transworld Systems/North Shore and Sprint are liable to Mr. Butker for violations of the Federal Fair Debt Collection Practices Act and the Texas Fair Debt Collection Practices Act.

## COUNT ONE
## FEDERAL FAIR DEBT COLLECTION PRACTICES ACT VIOLATIONS
### (Transworld/North Shore)

22. Mr. Butker restates each of the allegations contained in paragraphs 1 through 21 of this Complaint as though fully incorporated herein.

23. Transworld Systems' Letter to Mr. Butker is a "communication" in accordance with 15 U.S.C. § 1692a(2).

24. Mr. Butker is a consumer in accordance with 15 U.S.C. § 1692a(3).

25. The alleged debt is a consumer debt in accordance with 15 U.S.C. § 1692a(5).

26. Transworld Systems is a debt collector in accordance with 15 U.S.C. § 1692a(6).

27. Transworld Systems used a false, deceptive, misleading representation or means in the collection of a false debt under the pseudonym North Shore Agency in violation of 15 U.S.C. §1692e.

28. In collecting a false debt, Transworld Systems falsely represented the character, amount, and legal status of Mr. Butker's alleged debt in violation of 15 U.S.C. §1692e(2)(A).

29. Transworld Systems threatened to report Mr. Butker to the credit bureaus for a non-existent debt and took an action that it cannot legally take or that it had no intention to take in violation of 15 U.S.C. §1692e(5).

30. Transworld Systems communicated or threatened to communicate to the credit bureaus the false debt that it knew or should have known was false in violation of 15 U.S.C. §1692e(8).

31. In identifying itself as "North Shore Agency," Transworld Systems used the name of a business, company, or organization other than its true name in violation of 15 U.S.C. §1692e(14).

32. Transworld Systems used unfair and unconscionable means to collect a debt in violation of 15 U.S.C. §1692f.

33. In violation of 15 U.S.C. §1692g, Transworld Systems also failed to send Mr. Butker a written notice, within five days after the initial communication with Mr. Butker, of the following:

(a) a statement that unless Mr. Butker, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid;

(b) a statement that if the Mr. Butker notifies in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against Mr. Butker and a copy of such verification or judgment will be mailed to Mr. Butker; and

(c) a statement that, upon Mr. Butker's written request within the thirty-day period, the debt collector will provide Mr. Butker with the name and address of the original creditor, if different from the current creditor.

## COUNT TWO
## VIOLATION OF THE TEXAS FAIR DEBT COLLECTION PRACTICES ACT
### (North Shore)

34. Mr. Butker restates each of the allegations contained in paragraphs 1 through 21 of this Complaint as though fully incorporated herein.

35. Mr. Butker is a consumer in accordance with Tex. Fin. Code §392.001(1).

36. This action involves a consumer debt in accordance with Tex. Fin. Code §392.001(2).

37. Transworld Systems' conduct in communicating to Plaintiff regarding the alleged consumer debt constitutes debt collection activity in accordance with Tex. Fin. Code §392.001(5).

38. Transworld Systems is a debt collector in accordance with Tex. Fin. Code §392.001(6).

39. In violation of Tex. Fin. Code §392.304(1)(A), Transworld Systems used a fraudulent, deceptive, or misleading representation that employed a name—"North Shore Agency"—that is other than its true business or professional name while engaged in debt collection.

40. In violation of Tex. Fin. Code §392.304(4), Transworld Systems failed to disclose clearly in its communication with Mr. Butker that the entity to whom the debt had been assigned or was owed when making a demand for money was Transworld Systems, Inc.

41. In violation of Tex. Fin. Code 392.304(6), Transworld Systems used the name "North Shore Agency" in its collection Letter and failed to indicate clearly that Transworld Systems, Inc. is the true debt collector.

42. In violation of Tex. Fin. Code 392.304(8), Transworld Systems sent Mr. Butker a collection letter for a false debt and thereby misrepresented the character, extent, or amount of a consumer debt.

43. In violation of Tex. Fin. Code 392.304(15), Transworld Systems used a written communication that violated the United States postal laws and regulations.

### COUNT THREE
### VIOLATION OF THE TEXAS FAIR DEBT COLLECTION PRACTICES ACT
### (Sprint Communications)

44. Mr. Butker restates each of the allegations contained in paragraphs 1 through 21 of this Complaint as though fully incorporated herein.

45.     Mr. Butker is a consumer in accordance with Tex. Fin. Code 392.001(1).

46.     This action involves a consumer debt in accordance with Tex. Fin. Code 392.001(2).

47.     Sprint's conduct in hiring Transworld Systems to communicate with Mr. Butker to collect on the false debt constitutes debt collection activity in accordance with Tex. Fin. Code 392.001(5).

48.     By utilizing Transworld Systems' services, Sprint is indirectly engaged in debt collection in accordance with Tex. Fin. Code 392.001(6).

49.     Because Transworld Systems used fraudulent, deceptive, or misleading representations in its communications with the consumer, Sprint violated Tex. Fin. Code 392.304(1)(A).

50.     Due to Transworld Systems' deception regarding its true identity, Sprint failed to disclose clearly in its communication with Mr. Butker the name of the person to whom the debt had been assigned or was owed when making a demand for money, in violation of Tex. Fin. Code 392.304(4).

51.     In generating a false debt and sending the false debt to collections, Sprint misrepresented the character, extent, or amount of a consumer debt in violation of Tex. Fin. Code 392.304(8).

52. In violation of Tex. Fin. Code 392.304(15), Sprint used a written communication that violates the United States postal laws and regulations.

## JURY DEMAND

Mr. Butker demands a trial by jury on all issues so triable by right of a jury.

## PRAYER FOR RELIEF

WHEREFORE Plaintiff Edward Butker respectfully requests Defendants Transworld Systems, Inc., and Sprint Communications, Inc., be summoned to appear and answer herein, and that Mr. Butker be granted the following damages and relief:

a) A declaratory judgment pursuant to 28 U.S.C §§ 2201, 2202 adjudging Defendants' conduct complained of herein violates the Federal Fair Debt Collection Practices Act;
b) An award of the maximum statutory damages to Mr. Butker pursuant to 15 U.S.C § 1692k(a)(2);
c) An award of all costs of this action and reasonable attorney's fees pursuant to 15 U.S.C § 169 k(a)(3);
d) An order of injunctive relief enjoining Defendants from their impermissible collection activities pursuant to Texas Finance Code § 392.403(a)(1);

e) An award of actual damages to Mr. Butker pursuant to Texas Finance Code § 392.403(b);

f) An award of all costs of this action and reasonable attorney's fees pursuant to Texas Finance Code § 392.403(b);

g) An award of maximum statutory damages to Mr. Butker pursuant to Tex. Fin. Code § 392.403(e); and

h) Any other such relief, at la w or in equity, to which Mr. Butker may be justly entitled to receive

Dated:  19 February 2016

Respectfully submitted,

/s/ Carissa S. Picard

Carissa Piccard
State Bar No.: NA[1]
PICARD LADWIG PLLC
5960 W. Parker Road #278-240
Plano, Texas 75093
Telephone: (972) 454-9388
Email: carissa@picardladwig.com

**ATTORNEY FOR PLAINTIFF**

---

[1] Attorney is admitted to the Eastern District of Texas based upon her admission and good standing with the State Bar of Maryland, which does not issue bar numbers to its attorneys.